UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MARTIN PAUL BROUSSARD**<br>**LA. DOC #114817**<br><br>**VERSUS**<br><br>**WARDEN, SOUTH LOUISIANA**<br>**CORRECTIONAL CENTER** | **CIVIL ACTION NO. 2:11-cv-1757**<br><br>**SECTION P**<br><br>**JUDGE TRIMBLE**<br><br>**MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Martin Paul Broussard filed the instant petition for writ of *habeas corpus* (28 U.S.C. § 2254) on September 29, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he attacks his 2008 convictions for simple burglary, sexual battery, and theft, and the sentences totaling 20-years imposed by the Fourteenth Judicial District Court, Calcasieu Parish, under Docket Number 5994-07-G. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### *Statement of the Case*

On March 21, 2007, petitioner was charged with simple burglary, sexual battery, and theft of property having a value of over $500. Doc. 1, att. 3, p. 4. On March 11, 2008, he pled guilty and on May 21, 2008 he was sentenced to serve 20 years at hard labor. Doc. 1, p. 1; Doc. 1, att. 3, p. 69. Petitioner did not appeal his conviction or sentence. Doc. 1, p. 2.

On December 8, 2008,[1] petitioner filed his first application for post-conviction relief in the Fourteenth Judicial District Court. He alleged claims of ineffective assistance of counsel and an "unfair judge." Doc. 1, att. 3, pp. 69-75. In an order dated March 18, 2009, and filed on March 20, 2009, the trial court denied relief for failing to state a claim upon which relief could be granted. Doc. 1, att. 3, p. 68. Petitioner did not seek further review in the Louisiana appellate courts. Doc. 1, p. 5.

Thereafter, petitioner filed a second application for post-conviction relief claiming ineffective assistance of counsel based on counsel's failure to abide by petitioner's plea decision and his failure to investigate petitioner's alibi defense and the defense of misidentification. Doc. 1, att. 3, pp. 61-67. In an order dated June 17, 2009, and filed on June 18, 2009, the district court denied this application as repetitive. Doc. 1, att. 3, p. 60. Petitioner did not seek further review in the Louisiana appellate courts. Doc. 1, p. 5.

On July 9, 2009, petitioner sent a letter to the court requesting appointment of counsel to pursue post-conviction relief. Doc. 1, att. 3, p. 57. On December 4, 2009 the district court, citing *Louisiana Code of Criminal Procedure*. article 930.7, denied the motion noting that petitioner was not entitled to appointed counsel for post-conviction relief under the circumstances alleged. Doc. 1, att. 3, p. 58.

On May 25, 2011, petitioner filed a Motion for Production of various court documents and reports in the district attorney's case file and in the police investigation files. Doc. 1, att. 3, pp. 33-39. On May 27, 2011, petitioner filed a third application for post-conviction relief

---

[1] The application is dated January 10, 2009 [doc. 1, att. 3, pp. 74-75]; however, the first page of the pleading is date-stamped as "filed" on December 11, 2008 by a Deputy Clerk of the Calcasieu Parish Clerk of Court's Office [*id.* at 69] and, the envelope which was submitted with the pleading is post-marked December 8, 2008. [*id.* at 75]. Further, in his pleading, petitioner alleged that he filed his first application for post-conviction relief on March 20, 2009. [Doc. 1, p. 3]. Petitioner does not explain this anomaly; however, giving petitioner the benefit of every doubt, it will be presumed that December 8, 200,8 is the earliest date that the pleading could have been filed.

claiming ineffective assistance of counsel, denial of appeal, unlawful arrest, lack of grand jury indictment, unlawful plea entered by counsel on behalf of the defendant, counsel's failure to object to excessive sentence, and unlawful search and seizure.  Doc. 1, att. 3, pp. 40-55.  On June 9, 2011, the district court denied the motion noting that petitioner could not show a particularized need for the production of free documents since the time limits for filing an application for post-conviction relief had expired.  Doc. 1, att. 3, p. 32.

On August 5, 2011, the district court denied the third application for post-conviction relief as time-barred by the provisions of *Louisiana Code of Criminal Procedure* article 930.8. Doc. 1, att. 3, p. 31.  It appears that petitioner did not seek further review of this judgment.  *See* doc. 1, p. 5.

Petitioner signed his federal *habeas corpus* petition on September 23, 2011, and deposited it in the prison mail system on the same date.  Doc. 1, p. 17.  The petition was mailed on September 26, 2011 [doc. 1, p. 22], and it was received and filed on September 29, 2011.

Petitioner argues the following claims for relief:

(1) ineffective assistance of counsel based on counsel's
    a.  "overriding" petitioner's wish to plead not guilty;
    b.  allowing the court to impose an excessive sentence;
    c.  failure to appeal conviction or sentence;
    d.  failure to investigate alibis and factual innocence;
    e.  failure to quash the information based on petitioner's assertion that only a grand jury indictment could be used to institute prosecution; and,
(2) conviction obtained by unlawful arrest, search and seizure.

With regard to the unlawful arrest and factual innocence claims, petitioner acknowledges that he is indeed Martin Paul Broussard but he maintains that, contrary to the various court documents, police records, and the records of the Louisiana Department of Public Safety and Corrections, he was born on March 6, 1977, and not March 6, 1967, as indicated on the documents of record.

Petitioner apparently concedes that his petition is time-barred by the provisions of 28 U.S.C. § 2244(d), however, he claims that the statute itself violates due process. He also argues that state prisoners, housed in private prisons, and often transferred from one facility to another disrupt access to adequate law libraries, competent inmate counsel, and thus access to courts. He also argues that his judgment of conviction and sentence only became final in August 2011 when his third application for post-conviction relief was denied as untimely. He also claims that he is actually innocent of the charges that he pled guilty to. Finally, he maintains that unidentified state-created impediments which barred the filing of the instant petition were removed on August 31, 2011, and that the factual predicate of his claims could not have been discovered through the exercise of due diligence until June 11, 2011. Doc. 1, pp. 14-16.

*Law and Analysis*

### I. Timeliness – § 2244(d)(1)(A)

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir. 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997)).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §2244(d)(1)(A).[2]

---

[2] Nothing suggests that the limitations period should be reckoned as provided by 28 U.S.C. § 2244(d)(1)(C), or (D) in that petitioner has not alleged that his claim arose as a result of a newly recognized constitutional right; nor does

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

In this case, petitioner did not appeal his conviction and sentence. Doc. 1, p. 2. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by . . . the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Petitioner pled guilty on March 11, 2008, and was sentenced on May 21, 2008. Doc. 1, p. 1; doc. 1, att. 3, p. 69. Under the provisions of *Louisiana Code of Criminal Procedure* article 914, petitioner had a period of thirty days from the date of sentencing, or until on or about June 21, 2008, within which to file a Motion for Appeal.[3] Since petitioner did not appeal his judgment of conviction and sentence became final under the AEDPA on or about June 21, 2008, and he had one year from that date, or until on or about June 21, 2009, to file his federal *habeas corpus* petition.

Petitioner was able to toll the limitations period, pursuant to Section 2244(d)(2) when he filed his first application for post-conviction relief on December 8, 2008 [doc. 1, att. 3, pp. 69-75]; however, a period of a little more than five months elapsed between June 21, 2008, and the

---

he claim that it involves the recent discovery of the factual predicate of his claims. Petitioner does, however, claim the benefit of statutory tolling pursuant to subsection B as well as the benefits of equitable tolling and those claims are discussed in further detail below.

[3] La. C.Cr.P. art. 914(b)(1) provides, "[t]he motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

date he filed his first application for post-conviction relief. That proceeding remained pending until March 20, 2009, when the District Court denied relief. Doc. 1, att. 3, p. 68. It is unclear when he filed his second application for post-conviction relief; however, the record does reflect that the second application remained pending until June 18, 2009, when the District Court dismissed the second application as repetitive. *Id.* at 60.

Even if petitioner is given the benefit of tolling during the period from March 20, 2009, when his first application was denied, the limitations period resumed un-tolled when the second application was denied, and thereafter a period of almost two years elapsed between that date, June 18, 2009, and May 27, 2011, when petitioner filed his third application for post-conviction relief. *Id*. at 40-55. Since more than one-year elapsed, un-tolled, between the date petitioner's judgment of conviction became final and the date he filed his petition for *habeas corpus*, the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

## II.	*Timeliness – § 2244(d)(1)(B)*

Petitioner implies that he is entitled to the benefits of 28 U.S.C. § 2244(d)(1)(B), which authorizes the reckoning of AEDPA limitations from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]" He claims that "State prisoners . . . are often transferred from one facility to another disrupting Access to the Courts, blatantly bar access to the Law Library, have inmate counsel who are ordered not to help, or completely incompetent, staff block and delay incoming and outgoing mail, and when prisoners are transferred their legal mail not forwarded and indigent prisoners must wait thirty (30) days before allowed to mail indigent mail if they even mail it at all." Doc. 1, p. 14.

Petitioner's conclusory allegations do not establish the existence of a State created impediment to filing. Indeed, the record he submitted indicates that following the imposition of sentence, he was transferred from the Calcasieu Corrections Center to South Louisiana Corrections Center (SLCC) on July 15, 2008. He remained at the latter institution for almost one year when, on June 8, 2009, he was transferred to the Pine Prairie Detention Center (PPDC). He remained there for five months and was returned to SLCC on November 16, 2009. He was there for four months when he was returned to PPDC on March 18, 2010, and he remained there until September 3, 2010, when he was returned to SLCC. Doc. 1, p. 20. Petitioner was incarcerated at SLCC when he filed this proceeding on September 29, 2011.

In order to invoke § 2244(d)(1)(B), he must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Petitioner has not shown, through specific facts, that these transfers between his incarcerations at, or the conditions of the law libraries at, either SLCC or PPDC in any way amounted to an unconstitutional State-created impediment to the filing of the instant petition. *See id.* at 436-39.

Further, he has not demonstrated precisely when this alleged impediment to filing was removed. Although he alleged that the "impediment" was removed on August 31, 2011, he has not otherwise alleged the significance of that date, other than to claim that his third application for post-conviction relief was denied on that date. Doc. 1, pp. 15-16.

In short, petitioner is not entitled to the benefits of statutory tolling in accordance with § 2244(d)(1)(B).

### III.     Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation and citation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000)). As recently noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing alleged supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana, nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. He offers a litany of reasons to excuse his tardy filing, including ignorance of the law, lack of knowledge of various deadlines, temporary denial of access to an adequate law library, and even actual innocence. However, these alleged "extraordinary circumstances" are not sufficient to warrant equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002); *U.S. v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002); *Felder*, 204 F.3d at 171–72; *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

Further, with respect to plaintiff's claim of actual innocence, he offers nothing other than self-serving and conclusive support for such a claim. While petitioner has not provided a copy

of the transcript of his guilty plea, it must be presumed that he admitted guilt under oath and, that the trial court was satisfied that his plea was voluntary and that there was a factual basis for the plea.  Further, while it is true that his victim was unable to identify him in the photo line-ups presented by the investigating officer, it is equally true that petitioner confessed all three crimes to the investigating officer.  Doc. 1, att. 3, pp. 5-29.

Therefore, it is the opinion of this court that petitioner's *habeas* petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A) and that equitable tolling does not apply.[5]

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

---

[5] Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation.  Should he choose to do so, he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus* was timely or, that he is otherwise entitled to the benefits of statutory or equitable tolling.  In so doing, petitioner should also address the issues of exhaustion of state-court remedies and procedural default.  Before he may proceed with a *habeas* petition in federal court, petitioner must first have fairly presented the substance of his federal claims to the Louisiana Supreme Court in a procedurally correct manner.  It is clear that petitioner has not litigated his claims in the Louisiana Supreme Court.  Nevertheless, it is also clear that he would be unable to return to the Louisiana courts for another round of post-conviction review since any new effort in that regard would be subject to dismissal as repetitive and time-barred under Louisiana law.  Thus, petitioner's federal claims are also subject to dismissal as procedurally defaulted.  In order to obtain federal review of his claims, he would have to show cause for the default, prejudice resulting from the default, or, actual innocence.  Should petitioner object to the dismissal of his claims as time-barred, he should also present evidence and argument to establish that his claims are not procedurally defaulted, or, in the alternative, he should demonstrate cause and prejudice and actual innocence.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 4th day of July, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE